[Civ. No. 6361. Second Appellate District, Division One.—February 4, 1931.]

SATURDAY MORNING MUSICAL CLUB (a Corporation), Appellant, v. MAX VIAULT, Respondent.

Kingan & Darnell, Young & Young, Milton K. Young and Wm. K. Young for Appellant.

Stick, Moerdyke, Gibson & Untereiner for Respondent.

YORK, J.—The plaintiff brought action for judgment on the following subscription agreement:

"Tucson, Arizona, July 12, 1922.

"I agree to pay one thousand Dollars for 200 shares of the stock in the Saturday Morning Musical Club Building Fund at $5.00 per share, to be paid when building is started. First payment $...., the balance to be paid before January 1, 1923.

"Address:

"236 South Scott.                     MAX VIAULT."

General and special demurrers to the complaint and amended complaint were sustained, and upon motion for judgment on the pleadings made by defendant, the action

was dismissed by the court. Plaintiff prosecutes this appeal from such judgment of dismissal.

Defendant's agreement is for stock in the Saturday Morning Musical Club building fund and not for stock of the Saturday Morning Musical Club, a corporation, the entity seeking to enforce the agreement. Without any pleading alleging the assignment of the interest of the said building fund to the Saturday Morning Musical Club, a corporation, we are of the opinion that the demurrers were properly sustained and said cause properly dismissed. There is no allegation in the pleadings showing whether or not the said building fund was ever incorporated. It may have been incorporated and merged with the plaintiff, but there is no such allegation.

The judgment of dismissal is affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. The alleged contract, as signed by the defendant, fails to name any payee to whom the promised money was to be paid. If, in fact, it was the intention of the parties that the payments should be made to the plaintiff, and if the shares of stock purchased were shares of the plaintiff corporation, and if it was the intention of the parties that these terms should be contained in the written agreement, and if by mutual mistake, said terms of agreement were omitted from the writing, the plaintiff by appropriate allegations might have laid a foundation for a decree reforming the contract, so as to make it capable of enforcement. But this was not done. The action is to recover upon the contract as written. Since the contract, as written, contains no agreement to pay to the plaintiff, and does not show a purchase of shares of stock in plaintiff corporation or in any corporation or association, it is not an enforceable contract. Moreover, in relation to these same matters, the complaint was uncertain in several particulars which were covered by the demurrer. I, therefore, agree that there was no error in the order sustaining the demurrer to the amended complaint, and that plaintiff having failed to further amend within the time allowed by the court, or at all, the judgment should be affirmed.

Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 2, 1931.